WIGGINTON, Judge.
Plaintiff has appealed from an adverse final judgment rendered in an action for damages resulting from an intersectional collision between a motor vehicle driven by her and one driven by defendant’s wife. The points on appeal question the correctness of the trial court’s order denying plaintiff’s motion for mistrial made during the course of the trial proceedings, and the correctness of an instruction given by the court to the jury at the conclusion of the trial.
Plaintiff appeared as a witness in her own behalf and while being examined by her counsel was asked whether she knew where her car was after she was discharged from the hospital. In response to this question plaintiff stated: “No. Oh, yes. The insurance company had — ”. No further testimony was given or elicited from the plaintiff with regard to insurance, and plaintiff’s examination proceeded as if reference to that subject had never been made. No objection to plaintiff’s testimony was made by counsel for defendant, nor was any admonition offered by the trial court to the jury as a result of the witness’s reference to the subject of insurance.
Defendant’s wife appeared as a witness for him during the trial, and while being interrogated on direct examination was asked what happened immediately after the collision. In response to this question the witness stated: “I didn’t do anything for a while. I just sat there because I hit my head and was shaking. And so I just sat perfectly still for a little while. And then I saw this friend of mine and I asked her if she would get in touch with this other friend of mine. First of all I asked her if she would get in touch with my insurance company and then would she call this friend and tell her I had an accident and tell her where I was, to come on over. And then we tried to get in touch with the patrolman.” No objection to this testimony on account of its reference to an insurance company was made by plaintiff, and no admonition regarding it was made to the jury by the court. This witness’s testimony on direct examination proceeded to a conclusion as if no reference to insurance had been made by her.
An objective examination of the testimony given by both plaintiff and defendant’s wife in response to questions asked them on direct examination indicates that the references made to the existence of insurance were innocent and inadvertent, and were not such as would be calculated to unduly prejudice or influence the jury in arriving at an impartial verdict. It was doubtless for this reason that counsel for neither party registered any objection with respect to the witnesses’ reference to insurance, and no admonition was made by the court to the jury to disregard such references in arriving at a verdict.
After defendant’s wife had completed her testimony on direct examination, plaintiff’s counsel proceeded with his cross examination of the witness. During the course *768 of this cross examination plaintiff’s counsel held in his hand a written statement purportedly signed by the witness and concerning which counsel sought to examine her. In this connection the witness was asked whether she recalled ever giving and signing a statement after the collision had occurred. In response to this question the witness stated: “The only statement that I can remember signing is when her insurance company came over to give us the check for the damage that she had — that had happened to our car. I remember signing something to release the insurance ■company that I would not come back on them for anything. That is the only thing I can remember.”
Immediately following the foregoing statement plaintiff made a motion for an order of mistrial. The motion was grounded upon the contention that the testimony of defendant’s witness quoted above so prejudiced the plaintiff’s right to a fair and impartial trial that a mistrial should be ordered. Plaintiff’s motion was denied, the jury recalled, and the trial proceeded to its conclusion. No motion was made by counsel for either of the parties that the court admonish the jury to disregard the witness’s testimony with respect to the settlement made with defendant by plaintiff’s insurance carrier, nor did the trial court on its own motion make any such admonition or further reference to the incident which had occurred.
The conclusion is inescapable that the import of the testimony given by defendant’s witness was that plaintiff’s vehicle was covered by automobile liability insurance and that any damages she may have sustained in the collision had already been paid to her by the insurance company. In addition, this testimony implies that plaintiff’s own insurance carrier had investigated the facts surrounding the collision and had reached the conclusion that plaintiff was guilty of negligence, and in discharge of its liability the insurance company had paid the damages suffered by defendant resulting from the collision. It is difficult to conceive how any evidence more damaging to plaintiff’s right to a fair and impartial trial could have been brought to the jury’s attention.
The situation presented by this record insofar as concerns the damaging effect of testimony relating to the existence of liability insurance is the reverse of situations usually present in trials of this kind. Such evidence normally results in an unfair benefit to the plaintiff and a detriment to the defendant. In the Carls Markets case the Supreme Court of this state said that: “We are committed to the rule that evidence of insurance carried by a defendant is not properly to be considered by the jury because that body might be influenced thereby to fix liability where none exists, or to arrive at an excessive amount through sympathy for the injured party and the thought that the burden would not have to be met by the defendant.”[1] In a more recent case involving the same subject this court, in an opinion by Chief Judge Carroll, adhered to the principle stated in Carls Markets and said: “Under any court system it is difficult to attain a true and just result even under the most favorable conditions because of the frailty of man and his subjectivity to various prejudices and other influences that may warp his judgment in attempting to attain the ultimate truth in a given factual situation. The injection by either party to a cause, whether deliberate or inadvertent, of any such improper influence in a jury trial is a distinct disservice to the administration of justices, and lawyers, as officers of the courts, and the courts, on their own motion if need be, must be ever vigilant to see that no such influence creeps into the proceedings in even the slightest degree and subverts the noble purpose of our court system to provide ‘justice under law.’ ” [2]
*769 We are not here concerned with those decisions which hold that under certain circumstances an admonition by the trial court for the jury to disregard any reference to insurance made by a witness may be sufficient to cure the error and justify the denial of a motion for a mistrial. No such admonition was requested or made by the court in the case we now review. It should be emphasized that the several references by the two witnesses to the subject of insurance was not elicited by counsel representing either of the parties. These references were apparently made in all innocence and without any intention to gain an advantage by either party over the other. It well may be that the trial court declined to admonish the jury to disregard the testimony of the witnesses pertaining to the existence of insurance on the belief that to do so would tend to emphasize the subject and enhance the prejudicial effect of the testimony. Regardless of all this, we have no doubt but that the statement of defendant’s witness with regard to the payment received by defendant from plaintiff’s liability insurance carrier injected into the trial a factor which seriously prejudiced plaintiff’s opportunity of receiving a fair and impartial verdict at the hands of the jury. Plaintiff’s motion for a mistrial should have been granted, and the court’s failure to do so was error.
We have carefully considered appellant’s second point with regard to the alleged erroneous instruction given by the court as to the application of the city ordinance to the facts adduced in evidence. It seems clear from an examination of the record that some confusion did arise in the mind of the trial judge regarding the proper phraseology to be employed in composing an instruction on this subject. Such confusion was acknowledged by the trial judge during his colloquy with counsel after an objection was made to the form of the instruction as given. On a retrial of this case we are confident that this matter will be clarified, and the instruction will be properly phrased so as to clearly express the law as it applies to the facts which may be adduced in evidence at that time.
The judgment appealed is reversed and the cause remanded for a new trial.
CARROLL, DONALD, K., C. J., and STURGIS, J., concur.

. Carls Markets Inc. v. Meyer et al. (Fla.1953), 69 So.2d 789, 793.

. Pensacola Transit Co., Inc. v. Denton (Fla.App.1960), 119 So.2d 296, 298.