616 So.2d 1040 (1993)
BROWARD COMMUNITY COLLEGE, Appellant,
v.
Michael SCHWARTZ and Gretchen Schwartz, individually and as parents and natural guardians of James Schwartz, a minor, Appellees.
No. 91-3127.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
William O. Solms, Jr. of Solms & Price, P.A., Coral Gables, for appellant.
Joseph J. Huss and Claudia J. Willis of Romanik and Lavin, Hollywood, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellees, parents of thirteen year old James Schwartz, recovered a money judgment against appellant, Broward Community College, to compensate for the severe personal injuries sustained by James as a result of his walking through a clear plate glass window in appellant's library building. The sole issue here is whether the trial court erred in denying appellant's motion for remittitur as to that portion of the itemized jury verdict awarding damages for future medical expense. We hold that it did and reverse.
The verdict included itemized amounts for the several elements of appellees' damages. Among those was the amount of $60,000 for future medical expense to be incurred over the ensuing seven years, the present value of which was set at $30,000.
The only evidence of future medical expenses for James came from the pretrial deposition testimony of his two treating physicians. One, a Dr. Shampain (who had not seen James during the year preceding his deposition), opined that there was a present need for electrocauterization, the estimated cost of which was $300, and that probably dermabrasion would be needed in the future, the cost of which was not stated. This witness admitted on cross examination that until he had had a chance to examine James again, his opinion concerning need for future treatment would be speculative to some extent. The other, a Dr. Wald, (who had last seen James three months before his deposition), testified that he could not give an opinion within reasonable medical probability as to whether James would need any additional medical treatment without first reevaluating him. For that reason Dr. Wald did not feel that he could give an opinion as to what the future medical expense would be.
*1041 Only medical expenses which are reasonably certain to be incurred in the future are recoverable. Loftin v. Wilson, 67 So.2d 185 (Fla. 1953). While the evidence in this case could furnish a basis from which the jury could infer the need for some limited future medical treatment, it does not provide a basis upon which the jury could, with reasonable certainty, determine the amount of medical expense James would be likely to incur in the future other than the estimated $300 charge for the electrocauterization procedure. See, DeAlmeida v. Graham, 524 So.2d 666 (Fla. 4th DCA), review denied, Reid v. Graham, 519 So.2d 988 (Fla. 1987). We conclude that the evidence is insufficient to support the jury's award for future medical expenses in excess of $300.
We reverse the final judgment and the order denying appellant's motion for remittitur, and direct that upon remand the trial court shall order a remittitur consistent with the opinion of this court.
Reversed and remanded.
DELL, J., and DOWNEY, JAMES C., Senior Judge, concur.