NESBITT, Judge.
Aircraft Service International, Inc. (Aircraft), appeals a final judgment and award entered pursuant to a jury verdict in a personal injury action in favor of Robert Jackson and his wife Verlinda, plaintiffs below. Aircraft also appeals the lower court’s denial of its motion for a new trial or, in the alternative, a remittitur. We affirm in part, reverse in part, and remand for a new trial solely as to the award of economic damages.
Jackson was driving a fuel truck at Miami International Airport which, while stopped at a stop sign, was struck from behind by a fuel truck owned by Aircraft and operated by one of its employees. Jackson filed a negligence action against Aircraft. At trial, there was evidence presented which indicated that Jackson’s past medical bills totalled $143,000.00. Additionally, there was medical testimony regarding the treatment Jackson would require in the future. The total cost of this treatment was placed at $452,090.00.
Finally, plaintiffs expert testified as to Jackson’s past lost earnings and his future loss of earning capacity. The former was calculated to be $55,960.00. With respect to the future loss, Jackson’s expert supplied several different estimates, all reduced to present money value. First, Jackson’s future loss was calculated assuming he never worked again at any job and would have retired at either age 62 or 65. These amounts were $255,649.00 and $280,980.00, respectively. Second, Jackson’s future loss of earning capacity was calculated assuming, consistent with some of the evidence presented, that Jackson could return to some “light-duty work.” At age 62 this number was $184,560.00 and at age 65 it was $202,933.00.
In closing argument, Jackson’s counsel argued for the exact amounts presented above with respect to past lost earnings and past and future medical expenses. After briefly alluding to the alternatives, plaintiffs counsel chose the lowest of those figures available in arguing for $184,560.00 as damages for future loss of earning capacity. Finally, Jackson’s counsel argued for a total of $1,720,000.00 in past and future non-economic damages.
The jury entered an award in Jackson’s favor totalling $2,958,500.0o.[1] Of that amount, $1,850,000.00 was for past and future non-economic damages. The remaining $1,108,500 was awarded as follows: (1) $150,000 for past medical expenses; (2) $55,000 for past lost earnings; and (3) $903,500, which was the present money value of Jackson’s future medical expenses and lost earning capacity.
Aircraft raises several points on appeal only one of which merits discussion. That is, whether the lower court abused its discretion in denying Aircraft’s motion for a remittitur or new trial in the alternative. We first note that in ruling on this motion and, in particular, on whether the verdict was excessive, the lower court was obligated to look to and follow sections 768.043 and 768.74 of the Florida Statutes. Both sections have identical provisions which list criteria a court should look to when examining an award for excessiveness. The criteria are as follows:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
*1096 (b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(e) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.043(2), Fla.Stat. (1993).
In reviewing the trial judge’s order denying Aircraft’s motion, “[t]he test to be applied is the reasonableness of the trial judge’s decision based on this court’s examination of the record.” Salazar v. Santos (Harry) & Co., 537 So.2d 1048, 1050 (Fla. 3d DCA) (citations omitted), review dismissed, 544 So.2d 200 (Fla.), and review denied, 545 So.2d 1367 (Fla.1989). Our examination of the record, in light of the factors listed above, leads us to conclude that the lower court abused its discretion in denying Aircraft’s motion for remittitur or new trial as to damages.
There was uncontroverted evidence presented by Jackson that his past medical expenses totalled $143,000.00, yet the jury awarded him $150,000.00. Awards exceeding such a definite and ascertainable amount are readily vacated and remanded. Kg., K.C. v. A.P., 577 So.2d 669, 671 (Fla. 3d DCA), review denied, 589 So.2d 289 (Fla.1991); Hollins v. Perry, 582 So.2d 786 (Fla. 5th DCA 1991).
More troubling, however, is the jury’s award for Jackson’s future economic damages. Unfortunately, the verdict form provided for a total amount which combined future damages for medical expenses and lost earning ability. The jury awarded Jackson $903,500.00, representing the total present money value of his future economic damages. It is impossible to tell what portion of this award was attributable to each item of future damages.
This difficulty notwithstanding, Jackson’s counsel has not pointed to evidence in the record, and our own examination has not revealed any, which could reasonably support the total future economic damages awarded by the jury. Jackson presented evidence that his total future medical expenses reduced to present value were $452,090.00. His expert testified that his damages for future loss of earning capacity, reduced to present value, could reasonably range from $184,560.00 to $280,980.00. In closing, Jackson’s counsel argued for a total future economic damage award of $636,560.00. Based on the evidence presented, he could have argued for an amount as high as $733,070.00. There is absolutely no indication of how the jury arrived at $903,500.00. In sum, we fail to see how “the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.” § 768.043(2)(e), Fla.Stat. (1993); see W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301 (Fla. 3d DCA 1995); Broward Community College v. Schwartz, 616 So.2d 1040 (Fla. 4th DCA 1993); Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992); K.C. v. A.P., 577 So.2d at 669; Gup v. Cook, 549 So.2d 1081 (Fla. 1st DCA 1989), approved in part, quashed in part, 585 So.2d 926 (Fla.1991).
Consequently, we reverse and remand for a new trial solely as to the past and future economic damages issues. See Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla.1995) (remanding for a new trial solely on the issue of future economic damages). For retrial purposes we recommend that, as was done for past economic damages, the verdict form provide for the separate itemization of future medical expenses and future loss of earning capacity. See, e.g., Plazza v. Patio Concrete, Inc., 567 So.2d 908 (Fla. 2d DCA 1990), review denied, 577 So.2d 1328 (Fla.1991).
*1097 Reversed and remanded for a new trial solely as to the past and future economic damages issues. Affirmed in all other respects.

. Verlinda Jackson also received an award for loss of consortium which was $150,000.00.