668 So.2d 192 (1996)
FLORIDA DRUM COMPANY, etc., Petitioner,
v.
Elgin THOMPSON, Respondent.
No. 85403.
Supreme Court of Florida.
February 15, 1996.
Larry Hill of Moore, Hill, Westmoreland, Hook & Bolton, P.A., Pensacola, for Petitioner.
O'Gwen L. King of King & Sherman, P.A., Pensacola, for Respondent.
HARDING, Justice.
We have for review a district court decision passing upon the following question certified to be of great public importance:
IN AN ACTION FOR BREACH OF CONTRACT MAY THE BREACHING PARTY PRESENT EVIDENCE OF THE INJURED PARTY'S CASUALTY INSURANCE IN MITIGATION OF DAMAGES?
Thompson v. Florida Drum Company, 651 So.2d 180 (Fla. 1st DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative and approve the decision below.
In March of 1991, Thompson delivered his yacht to Florida Drum Company ("shipyard") for maintenance and repairs. As the parties had agreed, the shipyard lifted the yacht *193 from the water and placed it on longneck jack stands to begin the repairs. A strong wind blew the yacht off the jack stands and it was damaged. Thompson sued the shipyard, alleging both negligence and breach of contract.
Over Thompson's objection, the trial judge allowed the shipyard to introduce evidence that Thompson had insurance that would have covered the damage to his yacht. The shipyard asserted that Thompson's failure to utilize his insurance had delayed the repairs, causing further deterioration. It argued that Thompson had thus failed to mitigate damages. Also, the trial court instructed the jury that two workers were, in effect, employees of Thompson. The case went to the jury on the issues of negligence and damages. The trial court entered a judgment in favor of the shipyard.
The First District Court of Appeal reversed and held that "regardless of the theory of recovery, negligence or contract, it was error to allow the jury to be apprised of Thompson's insurance coverage." Thompson, 651 So.2d at 182. We agree.[1]
The district court acknowledged that Florida has long recognized the concern that a "jury's knowledge of a defendant's liability coverage may result in the jury attributing liability where none exists, because of sympathy and the belief that the financial burden would not be born by the defendant." Id. The district court reasoned that the same concern is raised where a jury has knowledge that a plaintiff has insurance coverage that would have ameliorated the loss. Id. (citing Crowell v. Fink, 135 So.2d 766 (Fla. 1st DCA 1961) and Dynair Tech of Fla. v. Cayman Airways, 558 So.2d 30 (Fla. 3d DCA 1989)).
In addition to these general propositions, the court further stated that in this case it was immaterial whether Thompson had insurance coverage: the coverage could not have been set off against the shipyard's own financial liability, nor would it have been material as to whether Thompson had the financial resources to pay for repairs. Thompson, 651 So.2d at 182.
We agree with the district court's assertion that, in this case, it makes no difference whether the case is grounded on a claim of negligence or breach of contract. We find that the chance that a jury will be improperly prejudiced by knowledge of insurance coverage in either case outweighs the usefulness of the evidence to the finder of fact. See §§ 90.402-90.403, Fla.Stat. (1995).[2] We hold that the general policy which has always dictated caution in negligence cases applies just as strongly in actions based on breach of contract.
Even if there were a genuine issue of mitigation, any evidence offered to show mitigation would only be relevant as to a calculation of damages. There is clearly no reason to present such evidence where the question of liability is still before the jury.
Here, although the district court and trial court both discussed the issue of mitigation as relevant to this case, we hold that, under these circumstances, the plaintiff can only recover for the cost of repair and for loss of use that occurs during a reasonable period of time for repairs to be accomplished. See, e.g., Badillo v. Hill, 570 So.2d 1067, 1068-69 (Fla. 5th DCA 1990). Any loss of use, deterioration, or other damage that occurs after this reasonable period of time has passed is not the defendant's responsibility.
Because we limit the amount of damages a plaintiff in this situation can recover, we find that there is no mitigation issue in this case. If the jury imposes liability, it must also determine the reasonable period for repair and then award the damages that accrued during that period.
*194 As to the issue of whether it was error for the trial court to instruct the jury that the two workers were employees of Thompson, we affirm the District Court's cautionary statement: "Based on the record before us for review, it is clear they were independent contractors. Unless the evidence at trial is remarkably different from that under review, it would be error to instruct the jury as was done in the first trial." Thompson, 651 So.2d at 182.
We approve the district court's decision, answer the certified question in the negative, and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Our holding today should not be interpreted to exclude evidence of insurance where there is a provision in the contract between parties which would make it relevant. There was no such contract provision in the instant case.
[2] § 90.402 provides: "All relevant evidence is admissible, except as provided by law." § 90.403 provides, in relevant part: "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."