735 So.2d 599 (1999)
Lawrence F. KAINE, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. 98-2107.
District Court of Appeal of Florida, Third District.
July 7, 1999.
*600 Miguel A. Suarez, Miami, for appellant.
Arthur J. Morburger, Miami; Weinstein, Bavly & Moon, for appellee.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Lawrence F. Kaine appeals the lower court's Order Granting Remittitur or New Trial. We reverse.
On March 10, 1993, Kaine, at the time a 53-year-old lawyer, was injured in an automobile accident. He filed a civil action against his own insurance carrier, Government Employees Insurance Company (GEICO) for 1) statutory PIP benefits and 2) underinsured benefits (including "no-fault" damages and loss of past earnings). His wife Patricia sued GEICO for loss of consortium.
Before trial, Kaine settled the PIP benefits claim with GEICO. His claims under the "no-fault" act and for loss of past earnings went to trial. Specifically, Kaine alleged that his claim for loss of past earnings stemmed from his law practice. The main issue at trial was whether as a cause of the accident, Kaine was unable to work as a lawyer and thus closed his law practice and how much money he did not earn from his law practice from the date of the accident (March 1993) to the date of trial (March 1998).
To prove the amount of damages suffered, Kaine called as an expert witness an economist who testified that Kaine suffered $324,248 in loss of past lawyering earnings from the time of the accident in 1993 to January 1, 1997.[1] The economist's calculation was based upon Kaine's IRS tax returns, limited to the income reported on Schedules C (income from Kaine's law practice) and was not based on income reported on Schedules D (income from stock market investments) or Patricia's income from her employment. Schedules D, also in evidence at trial, reported that between the date of the accident and the end of 1996, Kaine conducted at least thirty-three stock purchases and sales involving several million dollars, netting to him a profit of $303,551.
The jury found no permanent injury and awarded Kaine $325,000 for loss of past earnings as a lawyer. Kaine received no monetary damages under the "no-fault" act, and his wife received no compensation on her loss of consortium claim.
GEICO filed motions for remittitur and a new trial. The trial court heard counsels' arguments and ordered a remittitur to $50,000. Kaine rejected the remittitur and filed this appeal.
Kaine contends on appeal that in setting aside the $325,000 verdict and granting the remittitur to $50,000, the trial court abused its discretion by not following the criteria set out in section 768.74, Florida Statutes (1997), and by not following clearly established Florida law on remittitur. We agree.
It is well-established that the determination of damages is a matter peculiarly within the province of the jury and that a trial judge may not set aside a jury's verdict, on grounds of excessiveness, unless the record affirmatively shows the impropriety of the verdict or there is an independent determination by the trial *601 judge that the jury was influenced by considerations outside the record. See Bould v. Touchette, 349 So.2d 1181, 1184 (Fla. 1977). The Florida Supreme Court stated in Bould:
The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
Id. at 1184-5 (citations omitted).
In conjunction with this, section 768.74, Florida Statutes (1997), lists the criteria to be followed by a trial court in determining if an award is excessive. Section 768.74(5) states, in pertinent part:
(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
This section expressly vests the trial court with discretion to review the verdict for excessiveness, to determine whether the amount was contrary to the manifest weight of the evidence. In the present case, the trial court's order did not contain the necessary analysis of these factors in determining whether to order a remittitur or not, nor did it point to the record for support of its determination that $50,000 of the $325,000 damage award was proper but the excess $275,000 was not. See Wackenhut v. Canty, 359 So.2d 430, 434 (Fla.1978) ("In requiring the entry of a remittitur to correct an excessive verdict the rule is that the amount of the excess must clearly appear from the record.").
At the May 6, 1998 hearing on GEICO's Motion for Remittitur or New Trial, the trial court stated,
I think that the verdict of the $325,000 just does not make any sense whatsoever in light of the evidence and the other findings of fact.... I think the jury was obviously confused. The manifest weight of the evidence is against this. This is absolutelywhat's the word? A fluke.
The trial court made no findings of fact to satisfy the requirements of section 768.74 that the damage award was excessive or so large that it indicated the jury was influenced unduly by passion, prejudice, or corruption. Further, the trial court's written order did not delineate the specific record evidence of the excessiveness, as required by section 768.74.
Instead, in the Order Granting Remittitur or New Trial, the trial court based its finding that the jury's award was against the manifest weight of the evidence on the Adjusted Gross Income (AGI) theory (which included Kaine's schedule D income, reporting stock market income, and Patricia's income from her employment). It seems the trial judge took into account the AGI figures in concluding the jury verdict was excessive.
*602 However, a review of the record reveals sufficient evidence to support the amount awarded by the jury. Consequently, we find that the record does not support the trial court's determination that the amount of the verdict was excessive.
The economist testified that Kaine suffered $324,248 in loss of past lawyering earnings from the time of the accident in March 1993 to January 1, 1997. Although GEICO's counsel cross-examined the economist (on cross-examination, the economist testified that the AGI numbers had nothing to do with Kaine's Schedules Clawyering earning capacity averages and was inapplicable), GEICO offered no witness to testify about past lawyering earnings.
The jury was thus presented with competing evidence as to Kaine's past economic losses and post accident earnings. On this competing evidence, between the lawyering losses represented by Schedules C and the AGI theory (which included stock market investment income listed on Schedules D, as well as Patricia's income), the jury disregarded the AGI theory, finding that it was irrelevant to Kaine's ability or inability to practice law from the time of the accident. The trial court, however, reached a different conclusion than the jury on the amount of damages to be awarded. This is an impermissible basis on which to order a remittitur. See Oakes v. Pittsburgh Corning Corp., 546 So.2d 427, 430 (Fla. 3d DCA 1989) ("... we consider that the case falls within that class of decisions in which the trial judge is deemed to have improperly substituted his judgment for that of the triers of fact and insupportably assumed the role of a seventh juror in the assessment of damages.").
Therefore, based on the evidence presented to the jury, we find that a jury of reasonable persons could have awarded Kaine $325,000 for loss of past lawyering earnings and that the amount awarded was reasonably related to the damages actually proven.
Reversed and remanded with the directions to the trial court to reinstate the jury's verdict of $325,000 and enter Final Judgment in Kaine's favor.
NOTES
[1] The twelve months of 1997 and two months of 1998 were not included in the economist's calculations (Kaine did not supply any tax return or other evidence of stock trades or of his income from the practice of law for these periods).