753 So.2d 146 (2000)
Juana GARRIGA, Appellant,
v.
Jorge Rolando GUERRA, Appellee.
No. 3D98-2753.
District Court of Appeal of Florida, Third District.
February 16, 2000.
Rehearing Denied March 29, 2000.
Stewart Greenberg, Miami; Hersch & Talisman and Patrice Talisman, Miami, for appellant.
Richard A. Sherman and Rosemary B. Wilder (Ft.Lauderdale); Barnett & Barnard, Ft. Lauderdale, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
FLETCHER, Judge.
Juana Garriga, the plaintiff below, appeals a final judgment in a personal injury action. We reverse.
Ms. Garriga was involved in an automobile accident with a car driven by Jorge Rolando Guerra and subsequently brought the instant action against him for personal injuries. Ms. Garriga was granted summary judgment on the issue of liability and the case proceeded to trial solely on the issues of causation, permanency of the injury, and damages.
*147 The parties presented conflicting evidence on the cause and nature of Ms. Garriga's injuries. Her witnesses testified that soon after the accident she complained to her family physician of pain in her neck and low back for which she was treated with muscle relaxants, anti-inflammatories, analgesics and physical therapy. When her complaints of pain persisted, she was referred to Dr. Guerrero, a neurosurgeon. After reviewing Ms. Garriga's MRIs, Dr. Guerrero concluded that her continuing pain was caused by herniated discs in her neck and back. This diagnosis was corroborated by the radiologist who performed the MRI. Dr. Guerrero recommended that Ms. Garriga undergo two surgical procedures, each of which he estimated would cost between $15,000 and $20,000. According to Dr. Guerrero, these procedures would lessen Ms. Garriga's pain but would leave her with a permanent impairment.
Not surprisingly, the defendant Guerra's medical experts disagreed with the diagnosis of herniated discs and the need for any surgery. The defense experts testified that Ms. Garriga had suffered only neck and low back sprains from which she had fully recovered. They attributed her continuing problems to pre-existing conditions.[1] Defendant's experts opined that Ms. Garriga had not suffered any permanent injuries as a result of the subject accident and that her complaints stemmed from degenerative changes in her body.
The jury returned a verdict finding that Ms. Garriga had not sustained a permanent injury as a result of the accident, but awarded her $14,508.15 for past medical expenses and $15,000 for future medical expenses. On appeal Ms. Garriga contends that this verdict is internally inconsistent and that the trial court, therefore, erred in not granting her a new trial. In the particular circumstances of this case, we agree.
In Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla.1995), the supreme court rejected the mandatory rule that a jury must find that a plaintiff has suffered a permanent injury before it can award future economic damages, ruling instead that "in order to recover future economic damages, a claimant must establish only that the future economic damages are reasonably certain to occur." Id. at 90. Thus, the jury herein did not have to find that Ms. Garriga sustained a permanent injury in order to award future medical expenses, as long as there was competent evidence that she would reasonably incur medical expenses in the future for a condition which, although not permanent in nature, was caused by the subject accident. The jury's verdict therefore is not inconsistent simply because it awards future medical expenses on a finding of no permanency. It is inconsistent, however, because the only evidence of the need for future medical expenses in this case was inextricably linked to the evidence of a permanent injury: the only witness who testified to Ms. Garriga's future medical needs was Dr. Guerrero who stated that she required surgery to alleviate the pain caused by a permanent condition, i.e., the herniated discs.
Defendant Guerra argues that it is equally plausible that the jury awarded Ms. Garriga an amount equal to her past medical expenses to provide her with palliative treatment over a certain period of time in the future, although, consistent with the finding of no permanency, not for the rest of her life. Other than the surgery recommended by Dr. Guerrero, however, there was no evidence as to the need for any other type of medical treatment or the period of time any such treatment would be required. A plaintiff is not entitled to damages for future medical expenses not supported by the evidence. *148 See e.g., Nuta v. Genders, 617 So.2d 329 (Fla. 3d DCA 1993); Broward Community College v. Schwartz, 616 So.2d 1040 (Fla. 4th DCA 1993); DeAlmeida v. Graham, 524 So.2d 666 (Fla. 4th DCA) rev. denied, Reid v. Graham, 519 So.2d 988 (Fla.1987); compare Metrolimo, Inc. v. Lamm, 666 So.2d 552 (Fla. 3d DCA 1995).
There being no other way to reconcile the jury's finding of no permanency with its award of future medical expenses in this case, we see no alternative but to reverse and remand this cause for a new trial on damages.[2]
Reversed and remanded.
NOTES
[1] Ms. Garriga admitted she had been involved in a prior accident and had received treatment for arthritis.
[2] Having determined that a new trial is required, we do not rule on the issue of the injection of insurance into the original trial, although we note that generally evidence of collateral sources is inadmissible. See Florida Drum Co. v. Thompson, 668 So.2d 192 (Fla.1996); Cook v. Eney, 277 So.2d 848 (Fla. 3d DCA 1973). But see State Farm Mutual Auto. Ins. Co. v. Gordon, 712 So.2d 1138 (Fla. 3d DCA 1998).