PETERSON, J.
Armand Rivard, Lake Aircraft, Inc., Ae-rofab, Inc., and Revo, Inc., (collectively “Lake Aircraft”), the defendants below, timely appeal a final judgment entered pursuant to a jury verdict in favor of G. Leonard Gioia, M.D., individually, and as an assignee of Archedyne Aerospace *948 Corp., (collectively “Archedyne”), the plaintiff below. Lake Aircraft contends the verdict rendered by the jury was against the manifest weight of the evidence, that the damages awarded by the jury were clearly excessive, and that the jury was not afforded adequate time to properly evaluate the evidence presented at trial. Archedyne cross-appeals the trial court’s denial of its motion for leave to amend to allege punitive damages.
Archdyne’s complaint alleged several causes of action that grew from an “Option Offer to Purchase Certain Assets of the Lake Aircraft Group of Companies” for which Archedyne made a deposit of $500,000. The litigation was centered around Archedyne’s desire for the return of the $500,000 deposit and it even stipulated that it would not attempt to introduce evidence of incidental and consequential damages in excess of that amount.
During the trial, opposing counsel asked Dr. Gioia, in cross-examination, whether he had spent between $1 million and $1.25 million in pursuing a dream to develop an amphibian jet aircraft which was his reason for wanting to acquire the Lake Aircraft facility. Dr. Gioia replied that he did not know where counsel got that number and that he was not sure of the amount spent himself. Later, and during the same cross-examination, it came to light that the estimate came from Lake Aircraft’s counsel and Dr. Gioia simply agreed with it. Apparently, this discussion about Dr. Gi-oia’s out of pocket expenditures related to amounts spent prior to the time he was considering the acquisition of Lake Aircraft. Dr. Gioia never attempted to introduce any evidence that he had incurred any damages in excess of the $500,000 deposit. Nevertheless, and notwithstanding the earlier stipulation that nothing in excess of the return of the. deposit was being sought, the jury seized upon the higher number and awarded Archdyne $1.25 million. Lake Aircraft’s attempts to have the trial court grant a judgment notwithstanding the verdict, remittitur, or a new trial, were rejected.
A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial. E.g., McCarthy Bros. Co. v. Tilbury Const, Inc., 849 So.2d 7 (Fla. 1st DCA), rev. denied, 857 So.2d 197 (Fla.2003). If the jury verdict is excessive, remittitur is an appropriate remedy. Id. at 9. Because the evidence presented at trial indicates that the maximum allowable award was a refund of the $500,000 option fee, the trial court abused its discretion in denying Lake Aircraft’s motion for remitti-tur. We remand with instructions to allow Archedyne the opportunity to accept a reduction in the verdict to $500,000. If Ar-chedyne declines, the trial court shall order a new trial in the cause on the issue of damages only. Id. at 10. Finally, we find no error in the remaining issues raised by the parties.
REVERSED AND REMANDED.
PALMER and ORFINGER, JJ., concur.