943 So.2d 1011 (2006)
Arnulfo MORENO and Yamileth Moreno, Appellants,
v.
Jose DIAZ and George Lopez, Appellees.
No. 3D06-241.
District Court of Appeal of Florida, Third District.
December 13, 2006.
Beckham & Beckham and Robert Beckham, Miami, for appellants.
Douberley & Cicero and William M. Douberley, Sunrise, for appellees.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The plaintiffs, Arnulfo Moreno and his wife Yamileth Moreno (collectively "the Morenos"), appeal an order granting George Lopez and Jose Diaz's (collectively *1012 "defendants") motion for remittitur or new trial as to past and future medical expenses awarded by a jury. We affirm.
Arnulfo Moreno was injured in a rearend motor vehicle collision with the defendants.[1] The Morenos sued the defendants and sought compensatory damages for past medical expenses, future medical expenses, past and future lost wages, pain and suffering, and loss of consortium. Specifically, Arnulfo Moreno alleged that as a result of the collision, he suffered two herniated discs in his lower back and injuries to his hand, which required surgery.
The defendants admitted liability and a jury trial was held on the issue of damages only. At trial, the jury heard conflicting evidence from six medical doctors regarding Arnulfo Moreno's injuries. A neuro-surgeon, one of the Morenos' experts, testified that statistically twenty-five percent (25%) of people with Arnulfo Moreno's back injury would require additional surgery within ten (10) years. He testified that the cost of that surgery was between $50,000 and $75,000, with an additional $3000 to $4000 for rehabilitative therapy. Additionally, an orthopedic surgeon, also a medical expert for the Morenos, stated that the back surgery, if necessary, would cost between $60,000 and $80,000. Although the jury ultimately found that Arnulfo Moreno was not permanently injured as a result of the collision, it awarded the Morenos $171,000 in future medical expenses. Additionally, the jury also awarded the Morenos $110,000 in past medical expenses.[2]
Thereafter, the defendants filed a motion to reduce the verdict by $10,000 as a set-off for PIP benefits, and a motion for remittitur or new trial on the issue of past and future medical expenses. At the hearing on the post-trial motions, the defendants agreed to reduce the amount of past medical expenses to $100,000, less the PIP setoff.[3] However, the trial court found that the record did not support an award of future medical expenses in excess of $79,000. The trial court issued an order granting the defendants' motion for remittitur or, alternatively, if the Morenos did not agree with the remittitur, granting a new trial. The Morenos rejected the remittitur and filed this appeal.
A trial court's order for remittitur or new trial is reviewed for abuse of discretion. See Russell v. KSL Hotel Corp., 887 So.2d 372, 377-81 (Fla. 3d DCA 2004) (citing Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999)); McCarthy Bros. Co. v. Tilbury Constr., Inc., 849 So.2d 7, 9 (Fla. 1st DCA 2003) (citations omitted). If the jury verdict is excessive, remittitur is the appropriate remedy. McCarthy, 849 So.2d at 9. A trial judge may set aside a jury's verdict on grounds of excessiveness and order remittitur if the record affirmatively shows the impropriety of the verdict, or if the trial judge makes a determination that the jury was influenced by factors outside the record. See Kaine v. Gov't Employees Ins. Co., 735 So.2d 599, 600-01 (Fla. 3d DCA 1999) (citing Bould v. Touchette, 349 So.2d 1181, 1184 (Fla.1977)) (ordering the trial court to reinstate the jury's verdict upon finding that the record *1013 revealed sufficient evidence to support the amount awarded for loss of past earnings).
In Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89, 90 (Fla.1995), the Florida Supreme Court held that a jury need not find that a plaintiff suffered a permanent injury before it can award future economic damages. Nevertheless, it is well-established that a plaintiff is only entitled to damages for future medical expenses which are supported by sufficient evidence in the record. See, e.g., Garriga v. Guerra, 753 So.2d 146, 147-48 (Fla. 3d DCA 2000) (citations omitted); Fravel v. Haughey, 727 So.2d 1033, 1037-38 (Fla. 5th DCA 1999)(finding that an award in the amount of $200,000 for future medical expenses was not supported by the evidence where the plaintiff's doctor testified that a future surgery would cost between $20,000 and $25,000); Nuta v. Genders, 617 So.2d 329, 331 (Fla. 3d DCA 1993)(reversing part of a judgment awarding future medical expenses where the plaintiff presented no evidence regarding a specific amount for future medical expenses); Broward Cmty. Coll. v. Schwartz, 616 So.2d 1040, 1041 (Fla. 4th DCA 1993)(finding that the evidence was insufficient to support an award for future medical expenses in excess of $300 where the plaintiff's doctor testified that the plaintiff may require an additional surgery at a cost of $300); cf. Metrolimo, Inc. v. Lamm, 666 So.2d 552, 553 (Fla. 3d DCA 1995)(finding that an award in the amount of $150,000 for future medical expenses and nursing care was supported by the testimony of the plaintiff's medical experts).
Here, we agree with the Morenos' contention that the jury did not have to find that Arnulfo Moreno sustained a permanent injury to award future medical expenses. Recovery for future medical expenses in this case is permitted, as long as there is sufficient evidence that Arnulfo Moreno would reasonably incur medical expenses for a condition arising from the motor vehicle collision. However, as the Morenos also contend on appeal, the jury's verdict for future medical expenses, $171,000, must be supported by sufficient evidence in the record before us.
In conjunction with the well-established Florida law on remittitur, section 768.74, Florida Statutes (2001),[4] delineates certain criteria a trial court must follow in determining if an award is excessive and, therefore, contrary to the weight of the evidence. See Fravel, 727 So.2d at 1037; Kaine, 735 So.2d at 601. Section 768.74(5) states, in relevant part, as follows:
(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amount of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of *1014 damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
Here, our review of the record reveals that there is insufficient evidence to support an award for Arnulfo Moreno's future medical expenses in the amount of $171,000. Moreover, the trial judge was correct in finding that the amount awarded does not bear a reasonable relationship to the damages proved at trial. See § 768.74(5)(e), Fla. Stat. (2001). Arnulfo Moreno presented testimony from two experts regarding his future medical expenses. The testimony of both the neurosurgeon and the orthopedic surgeon described the type of surgery and the cost of the surgery that Mr. Moreno may need to undergo in the future. The expert testimony clearly showed that there is a twenty-five percent (25%) probability that Mr. Moreno may require one additional surgery at an estimated cost of $79,000 or less. Therefore, we find that the amount awarded by the jury, $171,000, was not within the range testified to by the Morenos' medical experts and was not reasonably related to the damages actually proven.
Accordingly, we affirm the trial court's order granting the defendants' motion for remittitur or new trial as to past and future medical expenses awarded by the jury. See § 768.74(4), Fla. (2001)("If the party adversely affected by such remittitur . . . does not agree, the court shall order a new trial in the cause on the issue of damages only.").
Affirmed.
NOTES
[1] Defendant Lopez was driving defendant Diaz's motor vehicle with his permission.
[2] Notably, the trial court did not admit Arnulfo Moreno's past medical records into evidence; therefore, the jury based its decision on the expert testimony presented by the parties.
[3] The defendants stipulate to the $100,000 figure for past medical expenses only for purposes of the instant appeal. If there is to be a new trial on damages, the defendants maintain that the Morenos will have to prove both past and future medical expenses.
[4] Section 768.043, Florida Statutes (2001), similarly authorizes remittitur in actions arising from the operation of motor vehicles.