# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-810 & 3D20-1266
Lower Tribunal No. 18-38944
_____


**Jeannette Gutierrez,**
Appellant,

vs.

**Oscar De Leon, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Alexander Bokor, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; Fournaris & Sanet, P.A., and Theodore J. Fournaris, for appellant.

Conroy Simberg, and Hinda Klein (Hollywood), for appellees.

Before FERNANDEZ, C.J., and LINDSEY and HENDON, JJ.

PER CURIAM.

In these consolidated appeals, the plaintiff below, Jeannette Gutierrez

("Ms. Gutierrez"), appeals from (1) a final judgment finding that she "takes nothing from this action" and the defendants below, Oscar De Leon ("Mr. De Leon") and Florida Westside Trucking Corp. ("Florida Westside Trucking") (collectively, "Defendants"), "shall go hence without a day," which judgment was entered pursuant to the jury's verdict and the set off of the PIP benefits received by Ms. Gutierrez ("Final Judgment"); and (2) an agreed order granting attorney's fees and costs to Florida Westside Trucking pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. We affirm, in part; reverse, in part; and remand with instructions.

In October 2017, Ms. Gutierrez was involved in a motor vehicle accident with a dump truck. Ms. Gutierrez filed a negligence action against the driver of the dump truck, Mr. De Leon, and the owner of the dump truck, Florida Westside Trucking. Ms. Gutierrez alleged that Mr. De Leon failed to yield the right of way, causing the dump truck he was driving to collide into her vehicle, and as a result she sustained permanent injuries. The Defendants raised the affirmative defense of comparative fault and challenged whether Ms. Gutierrez's injuries, including two herniated discs, were caused by the accident.

The case proceeded to a jury trial. The jury returned a verdict finding

2

(1) both Ms. Gutierrez and Mr. De Leon negligent, assigning 80% of the fault to Ms. Gutierrez and 20% of the fault to Mr. De Leon; (2) Ms. Gutierrez sustained damages in the amount of $9,838.61 for past medical expenses and $1,000 for past lost earnings; and (3) Ms. Gutierrez did not suffer a permanent injury or disfigurement as a result of the accident.

Ms. Gutierrez filed a motion for new trial, arguing, among other things, that the jury's verdict was against the manifest weight of the evidence. The trial court denied Ms. Gutierrez's motion for new trial. The Defendants moved to set off the jury's verdict by the PIP benefits received by Ms. Gutierrez. By agreed order, the trial court granted the motion for PIP setoff. The trial court then entered the Final Judgment, which provides that Ms. Gutierrez "takes nothing from this action" and the Defendants "shall go hence without a day." Thereafter, the trial court entered an agreed order awarding attorney's fees and costs to Florida Westside Trucking pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. This appeal followed.

In her appeal from the Final Judgment, Ms. Gutierrez has raised three issues. Based on our review of the trial transcript and the evidence introduced during trial, we conclude that the following two issues do not merit discussion: (1) whether the jury's finding that Ms. Gutierrez was 80%

3

at fault and Mr. De Leon was only 20% at fault was against the manifest weight of the evidence; and (2) whether the jury's finding that Ms. Gutierrez did not sustain a permanent injury or disfigurement was against the manifest weight of the evidence.

The third issue raised by Ms. Gutierrez has merit. Ms. Gutierrez argues that the jury's award of $9,836.61 for past medical expenses is against the manifest weight of the evidence. Based on our review of the trial testimony and the billing statements introduced into evidence at trial, we agree.

Here, Ms. Gutierrez introduced into evidence medical bills totaling over $251,000, with over $200,000 relating to the neck surgery performed by Dr. Chin for Ms. Gutierrez's herniated discs. The jury's award of $9,836.61 reflects that it determined that Ms. Gutierrez suffered injuries as a result of the accident that required medical services. See Cabrera v. Wal-Mart Stores East, LP, 314 So. 3d 570, 573-74 (Fla. 3d DCA 2020). The record reflects that there was conflicting evidence as to whether the herniated discs were caused by the accident, and whether the medical expenses relating to the surgery by Dr. Chin were excessive. However, the defense's expert, Dr. Jarolem, acknowledged that it was reasonable for Ms. Gutierrez to go to the emergency room and to receive other services

4

shortly after the accident in order to address her pain. Further, the defense's billing expert did not challenge the reasonableness of these bills, which totaled over $48,000. Thus, the jury's award of only $9,836.61 is against the manifest weight of the evidence. Therefore, we reverse the jury's award for past economic damages, and remand for a new trial on all past economic damages requested by Ms. Gutierrez. See Aircraft Serv. Int'l, Inc. v. Jackson, 768 So. 2d 1094, 1096-97 (Fla. 3d DCA 1995) (reversing and remanding for a new trial on damages where the award of damages was not supported by the evidence).

Finally, as we are reversing for a new trial as to all economic damages, we reverse the agreed order granting attorney's fees and costs to Florida Westside Trucking, with instructions for the trial court to reconsider Florida Westside Trucking's motion for attorney's fees and costs following the new trial on all past economic damages.

Reversed and remanded with instructions.