DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**MILTON C. BRILUS** and **BEATRICE J. BRILUS,**
Appellees.

No. 4D2023-2878

[February 19, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE-21-020760.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellant.

Blair M. Fazzio and Jeffrey D. Groover of Kanner & Pintaluga, P.A., Boca Raton, for appellees.

WARNER, J.

Universal Insurance Company appeals a final judgment in favor of its insureds for breach of the insurance contract. While Universal raises three issues, we affirm two without further discussion. We address the third issue in which Universal claims that the trial court abused its discretion in denying its motion for remittitur, because no competent evidence supported the jury verdict which substantially exceeded the amount of damages actually proved at trial. We agree and reverse.

The insureds experienced property damage to their home which was insured under a policy with Universal. Universal denied coverage, and the insureds sued for breach of contract. At a jury trial, the husband and wife homeowners both testified that after discovering water or moisture in their walls, they called a public adjuster who assisted them in filing a claim with Universal. The sworn proof of loss included an estimate of $168,168.77 in damages. The wife testified that the number was "what the public adjuster requested." When asked whether the amount was high, the wife responded, "the public adjuster can ask for whatever he wants to," adding

that she did think the number may be high. No written estimate of the public adjuster was admitted into evidence, nor did the public adjuster testify.[1]

To prove their damages, the insureds called a plumbing expert who had examined the property and opined on what would be required to fix the water leaks, which would involve considerable work to the entire plumbing system. The insureds then called a general contractor who testified that the repairs to the property as indicated by the plumbing expert would cost $96,150. Universal put on no evidence of the cost of repairs, as it defended on the grounds that the damage was not covered or that the insureds had failed to comply with the policy's post-loss conditions.

In closing argument, the insureds argued that the damage was covered under the insurance policy and the cost to repair was $96,150. In the verdict, the jury determined that the damage was a covered claim and that the amount of the loss was $168,168.77, the amount set forth in the sworn proof of loss. Universal filed a motion for remittitur, arguing that the only competent evidence of the loss was the general contractor's testimony that the cost to repair was $96,000. The trial court denied the motion without comment and entered final judgment for $165,668.77, after deducting the insureds' deductible. Universal appeals this judgment.

We review the trial court's order on remittitur for an abuse of discretion. *Sch. Bd. of Broward Cnty. v. Pierce Goodwin Alexander & Linville*, 137 So. 3d 1059, 1072 (Fla. 4th DCA 2014).

Section 768.74, Florida Statutes (2023), provides that a trial court has the responsibility to examine awards for damages for excessiveness or inadequacy "in light of the facts and circumstances which were presented to the trier of fact." To accomplish this, the statute gives the trial court criteria to consider:

> (5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that

---

[1] In fact, prior to trial, the insureds filed a motion in limine seeking to prevent Universal from calling the public adjuster as its witness. In the motion, the insureds stated, "Plaintiffs [are] relying on other experts, (Plumber and General Contractor) for trial and if Defendant is permitted to elicit testimony in these areas from Public Adjuster the testimony will have no probative value and will result in unfair prejudice, confusion of the jury, and misleading the jury."

such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:

(a) Whether the amount awarded is indicative of prejudice, passion, or on the part of the trier of fact;

(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;

(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;

(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

*Id.* The statute's criteria focuses on the damages evidence presented at trial.

"A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial." *Rivard v. Gioia*, 872 So. 2d 947, 948 (Fla. 5th DCA 2004). As most of appellees' damages consisted of estimated costs of repairs, cases involving remittitur of future medical expenses in personal injury actions provide an analogy. For instance, in *Moreno v. Diaz*, 943 So. 2d 1011 (Fla. 3d DCA 2006), a jury awarded $171,000 in future medical expense, but the doctors had testified that any future surgery would cost $79,000 or less. *Id.* at 1014. The appellate court concluded that the jury award was not within the range supported by the doctor's testimony and thus not reasonably related to the damages actually proven. *Id.* Similarly, our court determined that a remittitur should have been granted where the jury awarded $30,000 in future medical expenses, when the only future medical expense that could be determined with reasonable certainty from the evidence was for a minimal procedure costing $300. *See Broward Cmty. Coll. v. Schwartz*, 616 So. 2d 1040, 1041 (Fla. 4th DCA 1993).

In this case, the only competent evidence of damages offered to the jury was provided by the general contractor. The insureds relied on the

3

contractor's testimony rather than the sworn proof of loss when requesting a jury award. Also, the insureds testified that the proof of loss figure was supplied by their public adjuster, who did not testify at trial. Even the insured wife testified that the public adjuster's estimate may have been too high. Further, no evidence was adduced to support the amount stated or the repairs covered on the sworn proof of loss. Thus, it bore no relation to the actual loss proven. As the insured wife testified, "the public adjuster can ask for whatever he wants to." Moreover, the jury was not even told the identity of the public adjuster or his or her competency to provide an estimate.

While the sworn proof of loss was offered and admitted as an exhibit by Universal, the corporate representative did not testify that Universal had relied on the amount of the claim as being an accurate estimation of damages. Thus, no admission by a party opponent of the amount of damages occurred, as the insureds have claimed on appeal.

In sum, the only competent evidence of damages was supplied by the insureds' expert that the cost of repairs was $96,150. The sworn proof of loss is not competent evidence upon which the jury could rely in assessing damages. Because no evidence supported the jury's award, the trial court abused its discretion in denying remittitur.

We therefore reverse the denial of the motion for remittitur and direct the trial court on remand to issue a remittitur of damages to $96,150, consistent with this opinion. In all other respects, we affirm the final judgment.

*Reversed and remanded.*

GROSS and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4